DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Sindrick Tucker, defendant below and appellant herein, guilty of possession of a deadly weapon while under detention in violation of R.C. 2923.131. Appellant assigns the following error for review:
 "DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
On March 2, 1984, appellant was convicted of aggravated robbery and sentenced to a twelve (12) to twenty-five (25) year indefinite prison term. On December 14, 1998, while serving his sentence in the Ross Correctional Institute (RCI), appellant was involved in a fracas with another inmate. As a result of that incident, the Ross County Grand Jury returned an indictment charging appellant with one count of possession of a deadly weapon while under detention, in violation of R.C. 2923.131, and one count of felonious assault, in violation of R.C. 2903.11.
Appellant pled not guilty to both charges and the matter came on for a jury trial on February 12, 2001. Correction officers Edward Hall and Robby Tolliver both testified that they heard a loud noise on the upper "range" in housing unit 3-A at the prison and saw appellant "squared off in a fight stance" with "inmate Hannah." The two corrections officers, along with Officer Jeffrey Felts, moved to break-up the fight. When the officers arrived at the scene of the incident they noticed appellant was armed with a "shank." Officer Hall testified that several times he ordered appellant to drop the weapon. Eventually, appellant complied with the order. Both prisoners were removed from the scene and taken to the prison infirmary. Syvilla Good, a registered nurse working the infirmary, testified that she examined both the appellant and inmate Hannah and that she noted several puncture wounds on inmate Hannah's back. Consequently, the authorities transported inmate Hannah to a local hospital for treatment. Good further related that appellant admitted to her that he had stabbed inmate Hannah.
The jury found appellant guilty on the first count of the indictment (having a deadly weapon in his possession while under detention) and not guilty on the second count (felonious assault). On February 15, 2001, the trial court sentenced appellant to a seven year prison term to be served consecutively to the sentence appellant was serving at the time of the offense. This appeal followed.
 I
In his assignment of error, appellant asserts that he received ineffective assistance of trial counsel. Specifically, appellant points to trial counsel's failure to challenge the seating of a juror, counsel's failure to object to certain evidence and counsel's failure to present any evidence on appellant's behalf as proof that counsel did not function as the sort of counsel guaranteed under both the United States and the Ohio Constitutions. We are not persuaded.
It is well-settled that in order to reverse a conviction on the grounds of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive him of a fair trial.See Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,693, 104 S.Ct. 2052, 2064; also see State v. Issa (2001), 93 Ohio St.3d 49,67, 752 N.E.2d 904, 924; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916, 929; State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082, 1105. Attorneys licensed to practice in Ohio are presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174,555 N.E.2d 293, 303; State v. Smith (1985), 17 Ohio St.3d 98, 100,477 N.E.2d 1128, 1131, Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301,209 N.E.2d 164, 166. Therefore, when appellate courts review an ineffective assistance of counsel claim, the courts are admonished to be "highly deferential" to counsel's performance, to indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance, and to refrain from "second-guessing" counsel's strategic decisions at trial. See State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965, 977; State v. Frazier (1991),61 Ohio St.3d 247, 253; 574 N.E.2d 483, 488; State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373, 379. With these principles in mind, we turn our attention to the proceedings below.
Appellant's first argument is that his trial counsel should have objected to portion of the prosecution's opening argument in which the prosecutor referred to the "multiple offenses" for which appellant was incarcerated at the time of the incident. The prosecution concedes in its brief that this comment was inappropriate, and we agree.[2] By the same token, however, we fail to see how this comment prejudiced appellant or deprived him of a fair trial.[3] The jurors were aware that this case involved a fight between prison inmates and, thus, were aware that appellant was incarcerated for the commission of at least one criminal offense. Moreover, prior to the trial the trial court specifically instructed the jury that they should not consider as evidence "any statement of any attorney made during the trial," and reminded the jury prior to deliberation that "opening statements and closing arguments of counsel are . . . not evidence." In this particular instance, these instructions ameliorated any arguable prejudice arising from the prosecutions's misstatements. See e.g. State v. Broadnax (Feb. 16, 2001), Montgomery App. No. 18169, unreported (juries are presumed to follow curative instructions given to them by the trial court).
Appellant also argues that his trial counsel failed to object to certain "hearsay" statements. We, however, have examined the relevant portion of the transcript and find no improper hearsay evidence. Appellant further contends that trial counsel failed to object to the prosecution's use of leading questions. While that may be true, the transcript reveals nothing prejudicial to appellant's interests.
Appellant also points out that his trial counsel did not object to the prosecution's oral motion to amend the indictment.[4] Appellant fails, however, to support his argument and to describe whether, in fact, a valid basis existed for an objection. We refuse to hold that defense counsel must always ipso facto lodge an objection to a request to amend an indictment regardless of whether an objection is warranted. Once again, appellant does not indicate how the amendment prejudiced him. We will not presume prejudice when none is shown. See State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported; State v. Maughmer (Feb. 7, 1991), Ross App. No. 1667, unreported.
Appellant further argues that his counsel should have objected to an exhibit that contained his picture underneath the caption "Escape Flyer." Appellant argues that this evidence was so egregious "that prejudice must be presumed." We are not persuaded. This exhibit, which accompanied the testimony of RCI record office supervisor Wendy Luonuansuu, was introduced to show that appellant was under detention at the time of the incident. The "escape flyer" was part of appellant's "master file." Luonuansuu explained that appellant had never escaped, but that such fliers were prepared in the event of an escape, the prison would have information available for quick distribution. In view of the evidence adduced that appellant was in fact a prisoner at RCI, and the explanation for the exhibit's label, we are not persuaded that any harm resulted from the jury viewing of the flier.
Appellant also contends that trial counsel should have objected to one of the jurors being seated. In particular, appellant points to juror Pam Moody and her statement during voir dire that she once worked at another penal institution and that her son worked at RCI at the time of trial.[5]
We, however, find nothing to establish how Moody's connections to CCI disqualify her as a juror and we find nothing in the record to suggest that Moody was biased. No rule exists that prison employees or law enforcement officers must automatically be excluded from juries hearing criminal cases involving prisoners. Something more must be shown in order to require a prospective juror's removal.
In the end, after our review of the entire transcript, we find nothing constitutionally defective with trial counsel's performance, let alone any prejudice. We also hasten to add that trial counsel skillfully cross-examined the witnesses and established that no one had actually observed appellant stab inmate Hannah or observed any blood on the "shank" after the incident. Counsel also questioned Nurse Good about the puncture wounds and the absence of blood. The defense theory in this case was that the prosection had not met its burden of proof. The jury obviously accepted that argument, at least insofar as the assault charge was concerned. Far from being ineffective, we note that appellant's trial counsel secured an acquittal with respect to the second count of the indictment. The fact that trial counsel does not choose to object at every conceivable opportunity does not establish that counsel is ineffective.
Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[2] Both the record and the evidence adduced below indicate that the only offense for which appellant was incarcerated at the time of this incident was the 1984 aggravated robbery conviction. It is therefore unclear what other "offense" the prosecution was referring to.
[3] Criminal defendants are not constitutionally entitled to an error free trial, United States v. Hastings (1983), 461 U.S. 499, 508-509,76 L.Ed.2d 96, 106, 103 S.Ct. 1974, 1980; also see State v. Strong (Aug. 17, 2001), Lawrence App. No. 00CA35, unreported; In re Smith (Dec. 12, 2001), Ross App. No. 01CA2599, unreported, only a fair one. State v.Huckabee (Mar. 9, 2001), Geauga App. No. 99-G-2252, unreported.
[4] The purpose of the amendment was to include the phrase "detention facility" in the first count of the indictment. See, also, State v.O'Brien (1987), 30 Ohio St.3d 122, 508 N.E.2d 144, paragraph two of the syllabus which provides:
 "An indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. (Crim.R. 7[D], construed and applied.)"
[5] Appellant incorrectly argues in his brief that Moody's son worked at RCI. The transcript reveals, however, that Moody stated that her son worked at CCI rather than RCI.